UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIQIANG WEI,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF PHYSICS AT STANFORD UNIVERSITY,<br><br>    Defendant. | Case No. 5:18-cv-00228-EJD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; DISMISSING CASE**<br><br>Re: Dkt. No. 9 |

## I. INTRODUCTION

Plaintiff Liquiang Wei ("Wei") filed a Complaint alleging that, by failing to hire him, the Department of Physics at Stanford University engaged in (1) age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621; (2) national origin and race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e; and (3) race discrimination in violation of 42 U.S.C. § 1981. Dkt. No. 1.

Magistrate Judge Nathaniel Cousins, to whom this case was previously assigned, undertook a review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and concluded that the Complaint failed to state a claim for relief because (1) Wei had not exhausted his administrative remedies for his ADEA and Title VII claims; and (2) Wei had not plausibly alleged a claim for race discrimination under 42 U.S.C. § 1981. Dkt. No. 9. This case was reassigned to the undersigned on February 6, 2018. Dkt. No. 10. Wei filed objections to Judge Cousins's recommendation on February 20, 2018. Dkt. No. 11 ("Objections").

Case No.: 5:18-cv-00228-EJD
ORDER ADOPTING REPORT AND RECOMMENDATION; DISMISSING CASE
1

## II. DISCUSSION

Having reviewed Judge Cousins's recommendation in conjunction with Wei's filings, the Court agrees that the Complaint is inadequate under the § 1915(e) standard. First, the Court agrees that Wei has not named a proper defendant for his Title VII claim. Wei, however, appears willing to correct this deficiency, as he "agree[s] to amend" his Complaint to name the chair of Stanford's Physics Department. Objections 3.

Second, the Court agrees that Wei's ADEA and Title VII claims must be dismissed because Wei has not exhausted his administrative remedies. As Judge Cousins correctly concluded, claims under the ADEA and Title VII require the complainant to file a charge with the Equal Employment Opportunity Commission (EEOC) before filing a civil action. *See* 29 U.S.C. § 626(d)(1); 42 U.S.C. § 2000e-5(e)-(f). Wei acknowledges that he has not done so, but nevertheless argues that this should not bar his claims because (1) he is "opposed" to the law requiring administrative exhaustion for Title VII claims and believes it is incorrect; and (2) he does not believe the law requires administrative exhaustion for ADEA claims. Objections 4-5. These arguments are unpersuasive. Administrative exhaustion before the EEOC applies to both Wei's ADEA and Title VII claims, and this Court must adhere to these statutory requirements. *See* 29 U.S.C. § 626(d)(1); 42 U.S.C. § 2000e-5(e)-(f). Accordingly, if Wei wishes to pursue his claims under ADEA and Title VII, he must first file a charge with the EEOC and exhaust his remedies there.

Third and finally, the Court agrees that Wei has failed to state a claim for race discrimination under 42 U.S.C. § 1981. As Judge Cousins correctly concluded, Wei's Complaint fails to allege any facts that Stanford took any action against him. *See* Dkt. 1. Thus, even under the liberal standard set forth in *Maduka v. Sunrise Hosp.*, 375 F.3d 909, 912 (9th Cir. 2004), Wei's Complaint fails to plausibly allege any intentional discrimination. In his letter, Wei does not appear to disagree that his current Complaint does not allege that Stanford took action against him, but mentions various alleged facts which he believes supports his § 1981 claim. Objections 3-4. Because this claim will be dismissed with leave to amend, Wei is free to file an amended

1 complaint with these additional facts and/or other modifications addressing its current deficiencies.

### III. ORDER

Accordingly, based on the foregoing, the Court ADOPTS the Report and Recommendation issued by Judge Cousins on February 6, 2018 (Dkt. No. 9), such that Wei's ADEA and Title VII claims will be DISMISSED WITHOUT PREJUDICE without leave to amend and Wei's claim for race discrimination under 42 U.S.C. § 1981 will be DISMISSED with leave to amend.

Any amended complaint must be filed on or before March 7, 2018, and must:

1. Name the appropriate "head of the department, agency, or unit" at Stanford as the defendant. 42 U.S.C. § 2000e-16(c).
2. Contain sufficient factual allegations, including factual allegations regarding actions taken against Wei by Stanford, to support a claim for race discrimination under 42 U.S.C. § 1981.

In addition, Wei remains free to re-file his ADEA and Title VII claims in this Court after he finishes pursuing these grievances at the EEOC.

Wei is advised that the court may dismiss this action without further notice if an amended complaint is not filed by the designated deadline. Wei is further notified that the Court will review any amended complaint pursuant to § 1915(e)(2).

**IT IS SO ORDERED.**

Dated: February 22, 2018

EDWARD J. DAVILA
United States District Judge