UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LIQIANG WEI,

    Plaintiff,

v.

DEPARTMENT OF PHYSICS AT STANFORD UNIVERSITY,

    Defendant.

Case No. 5:18-cv-00228-EJD

**ORDER DISMISSING CASE**

## I. INTRODUCTION

Plaintiff Liqiang Wei's letter complaint against Defendant Department of Physics at Stanford was previously dismissed with leave to amend in part subsequent to a review under 28 U.S.C. § 1915(e). Dkt. No. 12. The court advised Plaintiff that aside from satisfying the applicable pleading standard on a general level, any amended complaint must: (1) name as a defendant the appropriate "head of the department, agency, or unit" from Stanford University, and (2) allege sufficient factual allegations to support a claim for race discrimination under 42 U.S.C. § 1981.

Now before the court is an amended letter complaint, which the court construes as a pleading filed in response to the dismissal order. Dkt. No. 13. Given Plaintiff's IFP status, the court reviews the amended pleading pursuant § 1915(e)(2). Because Plaintiff has not stated a plausible claim against any defendant, the amended pleading will be dismissed without prejudice, but without leave to amend.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), federal courts are authorized to pre-screen claims filed

by IFP plaintiffs prior to service and may dismiss a case at any time the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. Dismissals under this section are not dismissals on the merits. See Denton v. Hernandez, 504 U.S. 25, 34 (1992).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000); Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). At the same time, however, dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Indeed, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Legal conclusions without facts to support them will not do; the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Furthermore, where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be construed liberally. Resnick, 213 F.3d at 447. But while the standard for review is liberal, the court may not "supply essential elements of claims that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

### III. DISCUSSION

Liberally construed, the amended complaint complies with the requirement that Plaintiff name a proper defendant, since Plaintiff is now "making a specification or amendment to the defendant" to include the chair of the Department of Physics at Stanford, namely Dr. Peter Michelson. But even with that improvement, the new pleading still does not state a plausible

claim under § 1981.

To establish a § 1981 claim based on disparate treatment, "the plaintiff must prove intentional or purposeful discrimination." DeHorney v. Bank of Am. Nat'l Trust & Sav. Ass'n, 879 F.2d 459, 467 (9th Cir. 1989); Gen. Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982) ("§ 1981 . . . can only be violated by purposeful discrimination."). "Analysis of an employment discrimination claim under § 1981 follows the same legal principles as those applicable in a Title VII disparate treatment case." Fonseca v. Sysco Food Servs. of Arizona, Inc., 374 F. 3d 840, 850 (9th Cir. 2004). Thus, a plaintiff claiming discrimination in hiring under § 1981 must allege (1) that he belongs to a racial minority; (2) that he applied and was qualified for a job for which the employer was seeking applicants; (3) that, despite his qualifications, he was rejected; and (4) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

The court previously pointed out that Plaintiff's allegations failed at the third element; that is, Plaintiff did not plausibly state that Stanford acted against him by rejecting his employment application. This deficiency persists with the amended complaint. Instead of describing adverse conduct on Stanford's part, Plaintiff maintains that Stanford responded to his application by accepting it for consideration rather than rejecting it, even though the position for which Plaintiff applied is at the "junior level." Dkt. No. 13, at p. 3 (referencing Exhibit 4 to Dkt. No. 1).

Plaintiff's statement that Stanford "must have taken adverse action that is final in denying [his] job application" does not resolve the problem. Id. at p. 4. This statement is factually unsupported because left unexplained is exactly how Plaintiff knows Stanford took an adverse action against him, or how Plaintiff knows Stanford finally denied his employment application. The statement does not constitute a well-pled allegation entitled to an assumption of truth for that reason. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). In any event, another portion of the amended complaint confirms the statement is merely speculation, since Plaintiff also alleges he did not receive a further response from Stanford after the communication accepting the application

Case No.: 5:18-cv-00228-EJD
ORDER DISMISSING CASE
3

1    for consideration. Id. at pp. 3-4.

2    Without allegations establishing a basic element, the amended complaint does not include sufficient facts to state a plausible claim under § 1981. Since Plaintiff failed to remedy the claim after being advised of the deficiency in the prior screening order, the court finds that permitting further amendment would be futile at this point. Thus, the § 1981 claim will be dismissed without prejudice, but without leave to amend, thereby effectively terminating this case. See Foman v. Davis, 371 U.S. 178, 182 (1962); see also Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

**IV. ORDER**

Based on the foregoing:

1. Pursuant to 28 U.S.C. § 1915(e)(2), the amended complaint (Dkt. No. 13) is DISMISSED WITHOUT PREJUDICE but WITHOUT LEAVE TO AMEND; and

2. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this order would not be in good faith.

The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: March 19, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-00228-EJD
ORDER DISMISSING CASE

4